By the Court.—Sedgwick, J.
We are of opinion that the learned court below erred in adjudging that the plaintiff was entitled to an interest in the rent of the premises in question. On this ground the judgment must be set aside.
Before the execution of the agreement in which the plaintiff rests, he had, by virtue of the judgment he owned, only a general lien upon the house and lot in question. He had no estate or interest in the land, and no right to the rent. The agreement did not convey to the plaintiff any right in the land, or provide that he should in any contingency be entitled to any. It only provided, in behalf of the plaintiff, that the lien he held should be preserved and then paid out of the future proceeds of the property. If the term “proceeds” included rent, then the agreement gave him so much of that as might be necessary to pay the judgment he held, but not a proportion of the rent.
We agree with the learned judge below, that “proceeds,” under the agreement, meant the amount of money that in the future would be obtained for the property upon a disposition of it by sale. The observations in the cases of Dow v. Hope Ins. Co., 1 Hall, 166, and Dow v. Whetten, 8 Wend. 160, in determining the meaning in a policy of insurance of the words “proceeds of a cargo,” support such a definition. There *213 fore, under the agreement, the plaintiff has no right to payment of his lien out of the rents of the premises.
The court was correct in not taking proof, as to whether any, or what expenses had been paid by the defendants in defending the Jane Dempsey suit. The answer did not claim, that, by the plaintiff’s agreement to contribute to the expenses of defending that suit, the defendant was entitled to have judgment in this action by way of counter-claim in the amount the plaintiff should have contributed, or that upon a distribution of the proceeds of the property under the agreement, the defendants should be allowed to obtain out of the plaintiff’s share the amount of the price he was bound to pay. On the contrary, the answer specifically stated that ‘£ a suit is now pending to recover the same, which was commenced prior to this action.” The answer then sets up in bar of this action, that the plaintiff, “ whilst refusing to contribute to or towards said expenses of said litigation, and refusing to pay his proportion thereof, cannot claim any right or interest in the proceeds thereof.”
The plaintiff’s right to payment of his judgment out of the proceeds of the property, was not made by the. agreement dependent upon his payment of his share of the expenses, any more than his obligation to pay-a share of the expenses depended upon his receiving from the proceeds the amount of his judgment. The defendant, not having sought an amendment of his answer, could not use the agreement by plaintiff to pay part of the expenses for any other purpose than that set out in the answer.
A new trial must be granted, with costs to the appellant to abide the final disposition of the question of costs, after the new trial. Before the new trial shall be had, the defendant will have opportunity to have his right to amend his answer upon just terms examined and determined.